UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PROCTER AND GAMBLE PAPER PRODUCTS CO.,

    Plaintiff,

v.                                                           Case No. 07-C-883

KIMBERLY-CLARK CORP., et al.,

    Defendants.

**ORDER**

Procter and Gamble (P&G) has filed a motion seeking partial relief from the protective order governing this case. In P&G's view, information exists that would undercut Kimberly-Clark's claim that its own diapers have a more natural fit, and this information, if presented to the television networks, would aid P&G in its effort to get the "brick baby" commercials at issue in this case taken off the air.

The brief accompanying the motion for relief indicated that the motion was filed only in an abundance of caution. In P&G's view, the information it seeks to disclose is not the sort of trade secrets and other protected information covered by the protective order. Moreover, it asserted that disclosure of various documents would only be made to people who have *already* seen the documents. If this is the case, then K-C's belief that the motion is moot (or at least unnecessary) is correct. It may be that subsequent designation of certain documents as "confidential" has affected P&G's ability to disclose (or *re*-disclose) them to certain parties, but surely that was not the intent of the protective order.

The reply brief, however, makes it clear that P&G wishes also to disclose information that has not yet been provided to the networks. Specifically, it asks permission to show them K-C's internal studies, which suggest (P&G believes) that surveys based on size 4 diapers were not actually representative of results obtained as to all other sizes. I conclude that, even if this information is technically governed by the protective order, the information is outside the scope of the protective order's intent. The goal of the protective order is to protect against the *competitive* harm that could come from disclosure, and a very limited disclosure to television networks is not the same as, say, disclosure to a competitor or some other use that might seek to capitalize, economically, on otherwise confidential information. P&G notes that the networks have mechanisms by which confidentiality may be maintained, and I do not see any reason to preclude P&G from attempting to make an argument to the networks merely because of the protective order entered in this case.

K-C protests that P&G's ability to use K-C's own internal documents would give it an advantage in its private attempts to negotiate with the networks. But that is not so much a protective order issue as it is a matter for the networks themselves. The filings suggest that the negotiations in such proceedings are informal, and it is up to the networks what information they wish to rely on in their determination of an ad's suitability. Moreover, by allowing P&G to disclose information to the networks, this court is not expressing any opinion on the probative value of such information. I do not know whether the information is a smoking gun or a dud; the point is that the protective order in this case was not intended to prohibit limited disclosures of this kind of information to individuals or entities that have no competitive use for it. In sum, to the extent the information at issue has already been disclosed, its further disclosure or use by P&G does not violate the protective

order. To the extent P&G seeks to disclose previously undisclosed tests and other documents related to the efficacy of K-C studies, the motion for relief from the protective order is **GRANTED**.

**SO ORDERED** this 22nd day of February, 2008.

                                         s/ William C. Griesbach
                                         WILLIAM C. GRIESBACH
                                         United States District Judge